[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff, Lois Elaine Sharpe, has brought this lawsuit against the Board of Trustees for the Hartford Public Schools, Dr. Patricia A. Daniel, former superintendent, Dr. Jeanette H. Evans, former Chief Operating Officer, Robert A. Stacy, Director of Human Resources and the City of Hartford, alleging seven counts in connection with the termination of her employment with the City of Hartford school system on April 15, 1998. The complaint alleges breach of contract (count one), breach of the covenant of good faith and fair dealing (count two), due process violations (count three), negligent misrepresentation (count four), intentional disregard of plaintiff's rights (count five), intentional misrepresentation (count six), and intentional infliction of emotional distress (count seven). The defendants have moved to strike counts one, two, four (as to Stacy only), five, six and seven of the second revised complaint.
 I
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). When evaluating a motion to strike, the court views the facts in the complaint most favorably to the plaintiff. See Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825, 676 A.2d 357 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
 COUNT ONE
Viewing the facts alleged in count one of the complaint in the light most favorably to the plaintiff she has failed to set forth facts which would support a claim that the terms of her employment included a legally CT Page 13152 enforceable provision, either express or implied, to the effect that she would only be terminated for cause and/or that any such action would be based on either a pre-termination or post-termination due process hearing. The plaintiff's allegation that she had "an oral contract as a non-bargaining unit employment with the defendant Board based on official above average performance ratings and her 20 years of distinguished service," Second Revised Complaint, ¶ 13, without more, is insufficient to support a claim of breach of an implied contract that she would only be terminated for cause based on a due process hearing. Although "all employer-employee relationships not governed by express contracts involve some type of implied "contract' of employment";Torosyan v. Boehringer Ingleheim Pharmaceuticals, Inc., 234 Conn. 1, 13,662 A.2d 89 (1995); the terms of such a contract do not typically "limit the terminability of the employee's employment but [rather an implied contract] merely includes terms specifying wages, working hours, job responsibilities and the like. Thus, [a]s a general rule, contracts of permanent employment, or for an indefinite term, are terminable at will." (Internal quotation marks omitted.) Id., 14. In addition, "[a] contract implied in fact, like an express contract, depends on actual agreement." (Internal quotation marks omitted.) D'Ulisse-Cupo v. Board of Directorsof Notre Dame High School, 202 Conn. 206, 211 n. 2, 520 A.2d 217 (1987). Since the plaintiff fails to allege a legally sustainable agreement that she would only be discharged for cause based on a due process hearing, the defendants' motion to strike count one is granted.[1]
 COUNT TWO
The defendants move to strike count two of the complaint on the ground that since she has failed to allege sufficiently that she was anything more than an at will employee, her claim of breach of the covenant of good faith and fair dealing must also fail. "Every contract carries an implied covenant of good faith and fair dealing that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501
(1992). "The concept of good faith and fair dealing is essentially . . . a rule of construction designed to fulfill the reasonable expectation of the contracting parties as they presumably intended." (Internal quotation marks omitted.) Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190,540 A.2d 693 (1988). "[T]he existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." Hoskins v. Titan Value Equities Group, Inc.,252 Conn. 789, 793, 749 A.2d 1144 (2000). Absent a legally sufficient claim for breach of contract, the defendants' motion to strike count two must also be granted.
 COUNT FOUR CT Page 13153
The defendants next argue that count four should be stricken because the plaintiff has failed to allege a sufficient claim for negligent misrepresentation against Stacy. Specifically, they assert that while the plaintiff alleges representations made to her by Daniels and Evans regarding possible reinstatement and a termination hearing, she makes no allegation that Stacy made any representations to her at all. As to Stacy, the plaintiff claims only that he failed to honor representations made by Daniels and Evans.
Generally, "[o]ne who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Internal quotation marks omitted.)D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, supra,202 Conn. 218. "[E]ven an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." (Internal quotation marks omitted.) Id., 217.
Since the plaintiff fails to allege that Stacy made any false representations to the plaintiff, an essential element of a claim of negligent misrepresentation, the defendants' motion to strike count four is also granted.
 COUNT FIVE
The defendants move to strike count five on the ground that Connecticut does not recognize a cause of action for intentional disregard of the plaintiff's rights as alleged by the plaintiff herein. At oral argument, the court invited the plaintiff to submit authority for such a cause of action which the plaintiff has failed to do. Failure to allege a recognizable cause of action is grounds for a motion to strike. SeeNovametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). The motion to strike count five is therefore granted.
 COUNT SIX
The defendants' move to strike count six as to the defendants Daniel, Evans and Stacy on the ground that the plaintiff has failed to allege sufficient facts to support a cause of action for intentional, or fraudulent, misrepresentation. In setting forth this claim, the plaintiff incorporates the allegations contained in paragraphs 1-42 of the CT Page 13154 complaint and in the succeeding paragraphs makes allegations which are more consistent with a claim for negligent infliction of emotional distress than intentional, or fraudulent misrepresentation.
The elements of a fraudulent misrepresentation claim are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was to made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Miller v. Appleby, 183 Conn. 51, 54-55,438 A.2d 811 (1981). Since the allegations in support of this claim are so obviously lacking, the motion to strike count six must also be granted.
 COUNT SEVEN
Finally, the defendants' move to strike count seven of the complaint on the ground that the plaintiff failed to plead sufficient facts to support a claim for intentional infliction of emotional distress. Specifically, the defendants assert that the plaintiff did not allege conduct on the part of the defendants that is extreme and outrageous.
Generally, to establish a claim for intentional infliction of emotional distress, the plaintiff must show: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337
(1986). Liability for intentional infliction of emotional distress "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) Appleton v.Board of Education, 254 Conn. 205, 210-11, 757 A.2d 1059 (2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. Bell v. Board of Education, 55 Conn. App. 400, 410, 739 A.2d 321
(1999). Only where reasonable minds disagree does it become an issue for the jury." Appleton v. Board of Education, supra, 254 Conn. 210.
Generally, termination of employment alone, even if wrongfully motivated, is not sufficient to support a claim for intentional infliction of emotional distress. See Muniz v. Kravis, 59 Conn. App. 704,710, 757 A.2d 1207 (2000). To prevail in a claim for intentional infliction of emotional distress in the employment context, the plaintiff CT Page 13155 must allege egregious conduct that lies beyond the scope of mere termination of employment. See id., 709; see, e.g., Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 597 A.2d 846 (1991) (taunting by supervisor over plaintiff's alcoholism sufficient); Cucuel v. Fayed, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 315420 (February 28, 1997, Levin, J.) (extreme and outrageous where plaintiff induced to give up career for new job, summarily fired and opposed for unemployment benefits); Nguyen v. Newberry Industries, Inc., Superior Court, judicial district of Hartford-New Britian at Hartford, Docket No. 571319 (October 31, 1997, Hale, J.) (plaintiff's allegations of termination after filing workers' compensation claim extreme and outrageous). Examples of cases in which the conduct alleged failed to rise to the level of extreme and outrageous are as follows: Muniz v.Kravis, supra, 59 Conn. App. 709-11 (escorting employee off premises with armed guard not sufficient); Roos v. Friendly's Ice Cream Corp., Superior Court, judicial district of Danbury, Docket No. 334978 (December 2, 1999, Moraghan, J.) (defendant's termination of plaintiff because he had to leave at certain time for child visitation ordered by court not sufficient); Randall v. Halloran and Sage, Superior Court, judicial district of Hartford-New Britian at Hartford, Docket No. 533629 (February 16, 1995, Wagner, J.) (isolating of plaintiff at law firm, removing support staff, setting arbitrary goals for the plaintiff, causing the plaintiff to become jointly and severally liable on a $4,000,000 note, intercepting phone calls from clients, sorting through personal files and making appointments for the plaintiff with a psychiatrist not sufficient); Rosario v. Firine, Superior Court, judicial district of New Haven at New Haven, Docket No. 335704 (July 22, 1993, Gordon, J.) (8 C.S.C.R. 874) (defendant's public display of poster depicting employee plaintiff as "John of the Week" not sufficiently extreme and outrageous).
In this case, the plaintiff has not alleged sufficient facts to support a claim for intentional infliction of emotional distress. The plaintiff does not allege conduct above and beyond her termination that rises to the level of extreme and outrageous conduct. Further to the extent that it relies on communications between the defendant Stacy and the "Connecticut Department of Labor/Unemployment Division," since any such communications were pertinent to an on-going quasi-judicial proceeding there is an absolute privilege. Peytan v. Ellis, supra, 200 Conn. 252. For the foregoing reasons, the defendants' motion to strike count seven is granted.
Accordingly, the defendants' motion to strike counts one, two, four, five, six and seven is granted.
Peck, J. CT Page 13156