NANCY HOSKINS *v.* TITAN VALUE EQUITIES
GROUP, INC., ET AL.
(SC 16120)

Borden, Katz, Vertefeuille, Callahan and Pellegrino, Js.

Argued February 15—officially released May 4, 2000*

*Francis A. Miniter*, with whom was *Christine E. Corriveau*, legal intern, for the appellant (plaintiff).

*Daniel L. Schwartz*, for the appellees (defendants).

*Opinion*

VERTEFEUILLE, J. The plaintiff, Nancy Hoskins, appeals from the judgment of the trial court rendered following the granting of the motion for summary judgment filed by the defendants, Titan Value Equities Group, Inc. (Titan), and Ellen Lefferts Schowalter.[1] On appeal, the plaintiff claims that the trial court, in granting the defendants' motion on all three counts of the plaintiff's amended complaint, improperly concluded that the third count of the plaintiff's complaint,[2] alleging a breach of the implied duty of good faith and fair dealing, was barred by the three year statute of limita-

---

* May 4, 2000, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] The plaintiff does not appeal from the granting of the motion for summary judgment with respect to the first and second counts of the complaint, also on statute of limitations grounds.

tions for torts set forth in General Statutes § 52-577.[3] She contends that the trial court wrongly characterized the cause of action for breach of the duty of good faith and fair dealing as a tort rather than a claim in contract, which would be governed by the longer, six year statute of limitations under General Statutes § 52-576.[4] We affirm the judgment of the trial court on the alternate ground that there was no contract for the rendering of investment advice between the plaintiff and Schowalter and, consequently, there was no basis for the implication of the duty of good faith and fair dealing.

The record reveals the following undisputed pertinent facts. In May and June, 1990, the plaintiff, who had recently become a widow, consulted with Schowalter, a licensed representative for Titan, a securities broker, for advice with respect to investing the proceeds of two life insurance policies of which the plaintiff was the beneficiary. Schowalter and the plaintiff met at least twice to discuss possible investments. At Schowalter's request, the plaintiff completed a "client data form," containing personal information and investment objectives. Schowalter provided the plaintiff, a practicing attorney for more than ten years, with information, including prospectuses, with respect to several limited partnership investments. On June 21, 1990, the plaintiff invested a total of $140,000 in seven limited partnerships recommended by Schowalter. The purchase of the investments was effected through various subscription agreements and order forms provided by Schowalter.

In early 1991, the plaintiff became concerned about the suitability of these investments. She consulted a

---

[3] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[4] General Statutes § 52-576 (a) provides in relevant part: "No action . . . on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

financial planner, who advised her that the limited partnerships were not appropriate investments for her. After further consultations, the plaintiff concluded during the summer of 1991 that the investments were not suitable for her. She began selling her interests in the limited partnerships in early 1992. The plaintiff did not consult an attorney with respect to bringing an action against the defendants until early 1995, when this action was filed.

The gravamen of the plaintiff's amended complaint is that Schowalter recommended securities that were unsuitable for the plaintiff's needs and investment objectives. More specifically, in the third count of the complaint, the plaintiff alleged that Schowalter breached the implied duty of good faith and fair dealing by failing to remain "faithful to the agreed common purpose of the parties . . . ."

"The standard of review of a trial court's decision to grant summary judgment is well established. [W]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Sherwood* v. *Danbury Hospital*, 252 Conn. 193, 201, 746 A.2d 730 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Serrano* v. *Burns*, 248 Conn. 419, 424, 727 A.2d 1276 (1999).

The defendants contend that there is no genuine issue of fact that a contract for the provision of investment advice did not exist between the parties and that, in the absence of such a contract, no duty of good faith and fair dealing could arise. They claim therefore that

they are entitled to judgment as a matter of law. We agree.

It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. See *Magnan* v. *Anaconda Industries, Inc.*, 193 Conn. 558, 566, 479 A.2d 781 (1984); see also 2 Restatement (Second), Contracts § 205 (1979) ("[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement"). "The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." *Neiditz* v. *Housing Authority*, 43 Conn. Sup. 283, 294, 654 A.2d 812 (1994), aff'd, 231 Conn. 598, 651 A.2d 1295 (1995). In accordance with these authorities, the existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing.

In support of their motion for summary judgment, the defendants filed portions of the transcripts from two depositions of the plaintiff. At her first deposition, the plaintiff denied having any type of contract with Schowalter. At her second deposition, more than one year later, she again denied having entered into any contract with Schowalter, written or oral, and further denied the existence of any contract with Titan, written or oral. After the defendants submitted these damaging admissions to the trial court, the plaintiff filed two affidavits in opposition to the motion for summary judgment. In her second affidavit, the plaintiff addressed the deposition admissions, averring that she "never meant to indicate or imply that the business relationship [with the defendants] . . . was not *based in contract.*" (Emphasis added.) A conclusory assertion that the relationship was "based in contract" does not constitute evidence sufficient to establish the existence of a dis-

puted material fact for purposes of a motion for summary judgment. *Gupta* v. *New Britain General Hospital*, 239 Conn. 574, 583, 687 A.2d 111 (1996).

The plaintiff contends in her brief that the client data form that she completed constituted a written contract between the parties. This claim is inconsistent with the plaintiff's amended complaint in which she alleged only an oral agreement. Moreover, it was neither presented to nor decided by the trial court and, therefore, is not properly before this court. See *Connecticut Ins. Guaranty Assn.* v. *Union Carbide Corp.*, 217 Conn. 371, 385, 585 A.2d 1216 (1991).

The plaintiff also claims in her brief that the subscription documents and order forms for each of the seven investments that she purchased constitute written contracts between the parties. A review of these documents reveals that they are agreements for the purchase of the seven limited partnership interests, authorizing Titan to place orders for the specified securities. They clearly are not, however, contracts pursuant to which Schowalter or Titan agreed to render investment advice.

"Where the trial court reaches a correct decision but on [alternate] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it." *Favorite* v. *Miller*, 176 Conn. 310, 317, 407 A.2d 974 (1978). "[W]e . . . may affirm the court's judgment on a dispositive alternate ground for which there is support in the trial court record." *Skuzinski* v. *Bouchard Fuels, Inc.*, 240 Conn. 694, 702, 694 A.2d 788 (1997).

After a careful review of the record, we conclude that there was no genuine issue of material fact that a contract for the rendering of investment advice did not exist between the parties and, therefore, there is no basis for the implication of a duty of good faith and fair dealing. Accordingly, we affirm the trial court's

granting of the defendants' motion for summary judgment on this alternate ground.

The judgment is affirmed.

In this opinion the other justices concurred.