[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 152
Pursuant to the Common Interest Ownership Act, General Statutes §47-200 et seq.,[1] the plaintiff, Robert Lawrence Rowlands, commenced this action against the defendants, Commodore Commons Condominium Association, Inc. (association), Kenneth Moffat and Vermont Mutual Insurance Company (Vermont Mutual), to recover for alleged damages to the condominium elements of the condominium of which the plaintiff is an owner. Count one of the second substitute complaint alleges that Moffat, as an officer of the association, breached his duty of care under General Statutes § 47-245 (a)[2] and the Declaration of Commodore Commons Condominium (declaration). Count two alleges that the association breached its duty of care under § 47-245 (a) and the declaration. Count three alleges that Vermont Mutual, the insurer that provided the association — with a general commercial liability insurance policy pursuant to General Statues § 47-255 (a)[3] from March 7, 1997 to March 7, 1998 (insurance policy), breached the implied covenant of good faith and fair dealing by unreasonably failing, refusing or neglecting to pay a claim.
On April 7, 2000, Vermont Mutual filed the present motion to strike count three of the second substitute complaint on the grounds that the plaintiffs allegations are legally insufficient because it was not under a duty to deal with the plaintiff in good faith. Vermont Mutual argues that the plaintiff is not an insured under the insurance policy it issued to the association. Thus, because the plaintiff is a third party claimant, Vermont Mutual argues that he is not entitled to enforce the insurance policy's implied covenant of good faith and fair dealing. Vermont Mutual further argues that because § 47-255(d)[4] pertains to liability coverage, and not coverage for indemnity of property losses, it fails to establish that the plaintiff is an insured under the insurance policy. CT Page 10934
The plaintiff opposes the motion on both procedural and substantive grounds. The plaintiff argues that pursuant to the applicable rules of practice, Vermont Mutual's motion to strike is untimely. Indeed, the plaintiff argues that to be timely, Vermont Mutual was required to file its motion to strike within fifteen days from the date the second substitute complaint was filed. The plaintiff further argues that although the court granted Vermont Mutual's motion for an extension of time to file a responsive pleading, a motion to strike is not a responsive pleading and, therefore, the fifteen-day time period to file the motion to strike was not extended.
"When any pleading is amended the adverse party may plead thereto within the time provided by Section 10-8. . . ." Practice Book §10-61. "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at lease one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required . . . ." Practice Book § 10-8.
On January 18, 2000, the court, Curran, J., with the agreement of the parties, granted Vermont Mutual's motion to strike count three of the plaintiffs substitute complaint dated September 27, 1999. Thereafter, on January 31, 2000, the plaintiff filed a second substitute complaint. Pursuant to the rules of practice, Vermont Mutual was required to file its motion to strike within fifteen days from the date the second substitute complaint was filed. See Practice Book §§ 10-8 and 10-61. On February 14, 2000, the court, Grogins, J., granted Vermont Mutual's motion for an extension of time to file a responsive pleading to the second substitute complaint. Pursuant to this ruling, Vermont Mutual was required to file a responsive pleading on or before March 24, 2000. Vermont Mutual filed its motion to strike on April 7, 2000. Nevertheless, the court, in its discretion, may overlook the fact that a motion to strike is untimely where both parties have submitted arguments on the merits of the motion. See People's Bank v. Scarpetti, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345123 (February 5, 1998, Skolnick, J.) (21 Conn.L.Rptr. 357, 358); ScapMotors, Inc. v. Pevco Systems International, Inc., Superior Court, judicial District of Fairfield at Bridgeport, Docket No. 348461 (August 12, 1999, Melville, J.) (25 Conn.L.Rptr. 283, 284). Here, because the parties have advanced substantive arguments on the motion to strike, the court exercises its discretion to overlook the untimeliness of the motion. Therefore, the plaintiffs objection to the untimely filing of the present motion to strike is overruled. CT Page 10935
In the alternative, the plaintiff argues that he has alleged a legally sufficient breach of the covenant of good faith and fair dealing claim against Vermont Mutual. Indeed, the plaintiff argues that, contrary to Vermont Mutual's assertions, he has alleged that he is an insured under the insurance policy pursuant to § 47-255 (d). The plaintiff further argues that he has sufficiently alleged that Vermont Mutual had a duty to act in good faith under said insurance policy. Indeed, the plaintiff argues that he has alleged that Vermont Mutual breached its duty by failing, refusing or neglecting to pay the claim.
"[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . . [The court will] take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
"[T]he implied covenant of good faith and fair dealing has been applied . . . in a variety of contractual relationships, including . . . insurance contracts. . . . The concept of good faith and fair dealing is [e]ssentially. . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (Citations omitted; internal quotation marks omitted.)Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693
(1988). "[T]he examination of good faith and fair dealing in the settling of an insurance claim requires a case-by-case analysis." Verrastro v.Middlesex Ins. Co., supra, 190. "It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. . . . The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term. . . . In accordance with these authorities, the existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." (Citations omitted; internal quotation marks omitted.)Hoskins v. Titan Value Equities Group, 252 Conn. 789, 793, 749 A.2d 1144
(2000). "The implied covenant of good faith and fair dealing is breached, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured." (Internal quotation marks omitted.)Imperial Casualty Indemnity Co. v. ITT Hartford Insurance Group,Foundation, Inc., Superior Court, judicial district of Hartford/New CT Page 10936 Britain at Hartford, Docket No. 551251 (January 31, 1997, Spada, J.), rev'd on other grounds, 246 Conn. 313, 329, 714 A.2d 1230 (1998).
In the present case, the plaintiff alleges that pursuant to § 47-255
(a), Vermont Mutual insured the association with a commercial general liability insurance policy. Indeed, the plaintiff alleges that Vermont Mutual breached the implied covenant of good faith and fair dealing by unreasonably failing, refusing or neglecting to pay a claim that he alleges was covered under the insurance policy. The plaintiff further alleges that because he is unit owner, he is also an insured person under the insurance policy pursuant to § 47-255 (d). Construing the second substitute complaint in the manner most favorable to sustaining its legal sufficiency, the court finds that the plaintiff has sufficiently alleged that he is an insured under the insurance policy and that Vermont Mutual unreasonably withheld payment of the claim. See Imperial Casualty Indemnity Co. v. ITT Hartford Insurance Group. Foundation, Inc., supra, Superior Court, Docket No. 551251. Therefore, the court finds that the plaintiff has alleged a legally sufficient claim for breach of the covenant of good faith and fair dealing against Vermont Mutual.
Vermont Mutual's motion to strike count three of the second substitute complaint is denied.
 THE COURT CURRAN, J.