[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action the plaintiff claims that the defendants breached an agreement to sell the plaintiff a parcel of commercial property. The plaintiff seeks specific performance in addition to damages, both compensatory and punitive, under theories of breach of contract, violation of the Connecticut Unfair Trade Practices Act (CUTPA) and breach of the implied covenant of good faith and fair dealing. CT Page 2214
The defendants move for summary judgment to enter in their favor on the grounds that 1) the parties never reached a meeting of the minds to form a contract, and 2) the claims are barred by the statute of frauds.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven RegisterInc., 249 Conn. 709, 714 (1999); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195,201 (1999). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster Electric Co.,157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781 (1991).
The following facts are not in dispute. The plaintiff SKC Palm Holdings, LLC is a limited liability company organized in March, 1998 under the laws of the state of Connecticut. The defendants are the trustees of the Gottlieb family trust which owns commercial property at 511 Danbury Road, New Milford.
By affidavit and other documentary proof, the defendants have established certain additional facts crucial to a determination of this motion. In its opposition to the motion the plaintiff attached an affidavit of one of its members, James Cavorley, which the court read in determining whether a genuine issue exists as to these facts. See Pionv. Southern New England Telephone Co., 44 Conn. App. 657, 663 (1997). There is no genuine issue as to the following facts. On November 21, 1997, the defendants received an offer to purchase the property for $575,000 from James Cavorley and Sheila Cavorley. On November 24, 1997, the defendants signed and returned the offer to purchase to the Cavorleys. The offer to purchase included the following language: "This Is Not A Contract of Sale". The defendants then sent along a proposed contract containing a contingency that a particular tenant be removed CT Page 2215 from the property. The defendants later informed the Cavorleys that the contingency could not be met. The contract was not signed and negotiations ceased until May, 1998.
In May, 1998, the Cavorleys presented a new offer to purchase to the defendants, offering the sum of $535,000.00 with the tenant to remain in possession. On June 2, 1998, the defendants rejected that offer and countered with a price of $560,000 "as is" and subject to all existing tenancies. On June 30, 1998, the plaintiff accepted the defendants' counteroffer. The defendants prepared and sent the Cavorleys a proposed contract of sale on July 9, 1998. The plaintiff returned the contract signed by the Cavorleys as members of the plaintiff and amended it in several respects. The defendants rejected the contract as amended by the plaintiff.
The defendants first claim that the facts show that the parties had no "meeting of the minds," to form an enforceable contract.
 It is elementary that to create a contract there must be an unequivocal acceptance of an offer. In the case of a bilateral contract, the acceptance of the offer need not be express but may be shown by any words or acts which indicate the offeree's assent to the proposed bargain. . . . The acceptance of the offer must, however, be explicit, full and unconditional. . . . And the burden rested on the plaintiff to prove a meeting of the minds to establish its version of the claimed contract.
(Citations omitted.) Bridgeport Pipe Engineering Co., Inc. v. DeMatteoConstruction Co., 159 Conn. 242, 246 (1970).
The phrase, meeting of the minds, has been defined by the appellate court as
 mutual agreement and assent of two parties to contract to substance and terms. It is an agreement reached by the parties to a contract and expressed therein, or as the equivalent of mutual assent or mutual obligation. . . . This definition refers to fundamental misunderstandings between the parties as to what are the essential elements or subjects of the contract.
(Citations omitted; internal quotation marks omitted.) Sicaras v. City ofHartford, 44 Conn. App. 771, 784, cert. denied, 241 Conn. 916 (1997). CT Page 2216
It is clear from the affidavit and documents that the plaintiff and defendants never reached a meeting of the minds. See Whitney AvenueCorp. v. Heritage Canal Development Associates. Inc., 33 Conn. App. 563,569 (1994). No contract for sale was signed by all the parties; there was no agreement as to environmental concerns, nor was there an agreement as to the "as is condition. Exhibit 4, the amended contract of sale, was never signed by the defendants. Because the parties' minds did not truly meet, no enforceable contract exists. Fortier v. NewingtonGroup, Inc., 30 Conn. App. 505, 510, cert. denied, 225 Conn. 922 (1993). Accordingly, summary judgment may enter on the breach of contract count.
As to the contract of breach, the court's determination that no contract exists between the parties bars the good faith and fair dealing count. A claim of breach of the duty of good faith and fair dealing cannot succeed without the existence of a contract. Hoskins v. TitanValue Equities Group Inc., 252 Conn. 789, 793 (2000).
The remaining claim which sounds in CUTPA rests on the allegations of count one and the following allegation:
 The actions and breaches of the defendants amount to unfair trade practices in that they are unethical because they induced SKC into engaging in business opportunities based on the imminent conveyance of the parcel.
(Complaint dated 8/27/98, Count Two, Paragraph 18.)
As noted by the plaintiff, the motion for summary judgment does not address the CUTPA count. Because there are allegations beyond the breach of contract addressed in the defendant's motion, the motion must be denied without prejudice as to count 2.
For the foregoing reasons, summary judgment may enter in favor of the defendants on counts 1 and 3.
DiPentima, J.