[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT
In this action the plaintiff Peter Nathan sues, inter alia his former employer Expocon Management Associates, Inc, (Expocon) and Expocon's President and primary shareholder Albert J. Favata claiming damages from alleged breaches of contract and fraudulent activities in connection with Nathan's termination of employment and his purported rights to severance payments based on the valuation of Expocon.
The defendant Favata has moved for summary judgment dismissing two counts of the complaint. The first such count alleges that Favata breached covenants of good faith and fair dealing which arose out the employment contract between Expocon and Nathan and the settlement agreement terminating earlier litigation between Expocon and Nathan. The second count pertinent to this motion alleges that Favata breached a fiduciary duty owed to Nathan.
 Standards for Summary Judgment
[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable tot he nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of CT Page 8543 a genuine issue of material fact. (Citations omitted; internal quotation marks omitted.)
Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753
(2000).
 Facts
The facts as alleged in the Second Revised Complaint are somewhat complicated, but for the purpose of this opinion can be briefly summarized. In 1990 Nathan signed a written employment agreement (Employment Agreement) with Expocon which was executed on behalf of the latter by Favata who signed as President. The agreement contained a provision that provided Nathan, under certain conditions, a benefit equal to fifteen percent of the "fair market value," as defined, of Expocon. Nathan's employment was terminated in 1996, and a dispute and lawsuit ensued over the differing opinions of Expocon's fair market value. Subsequently, the lawsuit was settled by means of a written settlement agreement (Settlement Agreement). Almost immediately thereafter Expocon was sold for a price which allegedly far exceeded the "fair market value" ascribed to Expocon in the Settlement Agreement. Whereupon Nathan commenced this action claiming breach of contract, fraud, breach of covenants of good faith and fair dealing, and breach of fiduciary duty.
 Discussion
Favata moves for summary judgment as to Count II of the Second Revised Complaint which alleges that he and Expocon breached the covenants of good faith and fair dealing which arose out of the making of the Employment Agreement of 1990 and the subsequent Settlement Agreement. Favata contends that these covenants only run between contracting parties, and he was not a party to either contract.
Favata's legal contention is correct. There cannot be a breach of the covenant of good faith and fair dealing by someone who is not a party to the contract. Hoskins v. Titan Value Equities Grout, Inc., 252 Conn. 789
(2000). However, Favata's factual contention is not established. While it is true that he was not a party to the Employment Agreement, at least on the face of it, he was identified as a party to the Settlement Agreement. The opening paragraph of that agreement states:
This Settlement Agreement and General Release (the "Agreement") is made and entered into between Expocon Management Associates, Inc. ("Expocon"), On Demand Marketing, Inc. ("On Demand") and Technology Events Company, LLC ("TEC"), all having an address at 363 CT Page 8544 Reef Road, Fairfield, Connecticut, their successors and assigns, and their past and present officers, directors and employees both individually and in their official capacities (including, but not limited to, Alfred 3. Favata and John W. Golicz), (collectively referred to throughout this Agreement as (the "Companies"); and Peter Nathan, 4 Greenbrier Lane, Westport, Connecticut, 06880, his personal representatives and assigns (collectively referred to throughout this Agreement as "Nathan").
It is true that Favata did not sign the Settlement Agreement in his individual capacity but the above-quoted provision is evidence that he is included as a party to the agreement both in his official and individual capacity. Certain provisions of the Settlement Agreement provided him with a benefit (e.g. § 11, "Indemnity"). At the very least, there is an issue as to this material fact, and therefore, summary judgment on the issue of the covenant of good faith and fair dealing arising from the Settlement Agreement is not appropriate. Since Count II of the Second Revised Complaint contains claims relating to breach of both covenants, the court will deny summary judgment as to that count.
Favata also moves for judgment on Count IV which alleges that he breached a fiduciary duty owed to Nathan. Favata contends he owed no fiduciary duty to Nathan because corporate officers and directors do not, as a matter of law, owe such a duty to employee.
Whether a fiduciary relationship and duty exists may involve question of fact. In Alaimo v. Rover, 188 Conn. 36 (1982) the Connecticut Supreme Court noted that it specifically refused to define a fiduciary relationship in precise detail or in such a way as to exclude new situations. Id. 41. Whether a fiduciary or special relationship exists has often been found to be a question of fact. See e.g. Albuquerque v.Albuquerque, 42 Conn. App. 284 (1996).
Favata has not established that there is no genuine issue of material fact with respect to his contention that no fiduciary relationship existed between him and Nathan. Indeed, at least two possible situations exist where the allegations of the complaint might allow proof to establish such a relationship. It is well settled that a controlling stockholder may owe a fiduciary duty to a minority stockholder. See e.g.Yanow v. Teal, 178 Conn. 262 (1979) Whether Nathan's alleged right to a "benefit" worth fifteen percent of the fair market value of Expocon is an analagous circumstance awaits the development of evidence. Additionally, under the Employment Agreement facts might show that, as primary stockholder of Expocon and presumably in control of its books and CT Page 8545 records, Favata had a fiduciary responsibility to Nathan to allow him full access to all company financial data in order to allow a fair appraisal of "fair market value." Nathan alleges such access was denied. In sum, the court find that Favata has not shown that there are no contested material facts, with respect to the claims in Count IV and that portion of his motion for summary judgment is also denied.
ADAMS, J.