**John M. WALSH, Josephine P. Walsh, and Construction Services of Bristol, Inc., Plaintiffs–Counter–Defendants–Appellants,**

v.

**SEABOARD SURETY COMPANY, Defendant–Counter–Claimant–Appellee.**

No. 01–7189.

United States Court of Appeals, Second Circuit.

Dec. 5, 2001.

Andrew B. Bowman, Westport, CT, for appellant.

Steven B. Kaplan, Michelson, Kane, Royster & Barger, P.C.; Joseph B. Mathieu, on the brief, Hartford, CT, for appellee.

Present RICHARD J. CARDAMONE, PIERRE N. LEVAL, and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-counterdefendants-appellants Construction Services of Bristol, Inc. ("CSB"), CSB's sole stockholder, John M. Walsh, and Josephine P. Walsh (collectively "the appellants") appeal from a grant of summary judgment by the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*) in favor of defendant-counter-claimant-appellee Seaboard Surety Company ("Seaboard").

In 1987, Seaboard issued a $4.6 million surety bond on behalf of CSB with regards to a construction project known as "The Forge." Pursuant to a General Agreement of Indemnity (GAI), the Walshes agreed to indemnify Seaboard against all losses, including attorneys fees, it incurred under the bond. Furthermore, the GAI provided that: "If the Surety shall decline to execute, or procure execution of any Bond for which application hereafter may be made, no claim shall be made against the Surety in consequence of such declination; nor shall any claim be made if any Bond executed be not accepted by or on behalf of the Obligee."

CSB and the owner of The Forge had a falling out before the project was complete. CSB was forced to enter into a protracted arbitration, which it eventually won in 1992. Seaboard agreed to be jointly represented in this action by appellants' counsel. The Walshes, unable to fulfill their obligation under the GAI to fund the arbitration proceedings to their conclusion, entered into a second agreement with Seaboard in 1990, in which Seaboard agreed to advance the costs of the litigation. In return, the appellants assigned to Seaboard all proceeds from the arbitration as security against CSB's payment obligations to Seaboard, and iterated that no claim could be made against Seaboard based on its failure to agree to issue future bonding to the appellants. Seaboard's and appellants' interests later became adverse when Seaboard and appellants could not agree on the proper distribution of the arbitration award.

On appeal, appellants allege that Seaboard had deceived them into believing

that Seaboard would bond them in future projects, when in fact Seaboard had already decided not to issue any more bonds. Specifically, they point to Seaboard's response to their requests for future bonding, that they must wait and "see how The Forge is going," and to a statement from a bonding agent who "believe[d] he [could] do a bonding program with [appellants] through Seaboard." Appellants further contend that Seaboard pressured and manipulated their attorney by withholding his fees, and that Seaboard forced them to sign the 1990 agreement, which contained patently unconscionable terms.

Neither the above statements, nor the contracts in existence between the parties, sufficed to create an obligation on the part of Seaboard to bond the appellants in their future projects. Without such an underlying contract, there can be no breach of the duty of good faith. *See, e.g., Hoskins v. Titan Value Equities Group, Inc.,* 252 Conn. 789, 749 A.2d 1144, 1146 (Conn. 2000); *Habetz v. Condon,* 224 Conn. 231, 618 A.2d 501, 505 (Conn.1992).

We have considered appellants' remaining arguments and, for the reasons set forth in the district court's opinion, *Walsh v. Seaboard Surety Co.,* 94 F.Supp.2d 205 (D.Conn.2000), find them to be without merit. For the reasons discussed, the judgment of the district court is hereby AFFIRMED.