[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 108)
Defendant Rice, Davis, Daley and Krenz, Incorporated (Rice Davis) moves to strike the first, second, and third counts of the amended complaint filed by plaintiff Main Street Holding Company on the ground the plaintiff has failed to state claims upon which relief can be granted. The plaintiff argues that the counts are legally sufficient. For the reasons state below, the motion to strike is granted.
Defendant Rice Davis claims that the first count does not state a claim against it because the plaintiff does not allege Rice Davis was a party to the insurance contracts under which the plaintiff is asserting its claims. The plaintiff alleges that an insurance company, First Specialty Insurance Corporation, issued to the plaintiff three insurance policies that covered buildings that were owned by the plaintiff against losses from fire, theft and vandalism. The insurance company is also a defendant in this case. After the plaintiffs buildings were vandalized and renovation materials and fixtures were stolen, the plaintiff submitted claims under the insurance policies. The plaintiff alleges that "the defendant has failed and refused to pay the plaintiffs claim in full." (para. 12). The plaintiff alleges that "defendants have breached its insurance agreement. . . . (para. 13). The plaintiff has not, however, alleged that Rice Davis was a party to the insurance contracts. An "agent is not liable where, acting within the scope of his authority, he contracts with a third party for a known principle." Scribner v.O'Brien, Inc., 169 Conn. 389, 404, 363 A.2d 106 (1975). The plaintiff does not sufficiently state a claim against Rice Davis.
In the second count, the plaintiff alleges that defendant Rice Davis, as well as the other defendants, breached a covenant of good faith and fair dealing with respect to the processing of the insurance claim. "[T]he existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair CT Page 1196 dealing." Hoskins v. Titan Value Equities Group, Inc., 252 Conn. 789,793, 749 A.2d 1144 (2000). Because the plaintiff has not alleged that Rice Davis was a party to the contracts, the plaintiff has not sufficiently stated this claim against Rice Davis.
In the third count, the plaintiff alleges Rice Davis committed an unfair trade practice by engaging in unfair claim settlement practices in violation of the Connecticut Unfair Insurance Practices Act, Gen. Stat. §§ 38a-815 and 38a-816 (6) ("CUIPA"). The plaintiffs factual allegations only show improper conduct in the settlement of one insurance claim. The other allegations of misconduct are legal conclusions that merely parrot the language of § 38-816 (6). The improper handling of one claim does not show that Rice Davis engaged in improper conduct with such frequency as to constitute a general business practice. Accordingly, this court concludes that the plaintiff has failed to allege a CUIPA violation. Because the plaintiff has failed to allege a CUIPA violation in the third count, its claim that Rice Davis committed an unfair trade practice, see Gen. Stat. § 42-110a et seq., by violating CUIPA must be stricken.
The motion of strike filed by defendant Rice, Davis, Daley and Krenz, Incorporated is granted. The claims asserted against Rice Daley in the first, second, and third counts are stricken.
___________________ THIM, J. CT Page 1197