[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#124) DEFENDANT WINDSOR INSURANCE COMPANY'S MOTION TO STRIKE
On June 29, 2000, the plaintiffs, Antoinetta Chieffo, Bernard Chieffo, Christopher Chieffo and Francesca Chieffo, filed a nineteen-count complaint against the defendants, John T. Yannielli, executor of the estate of Bertha Yannielli, and Windsor Insurance Company (Windsor). The plaintiffs have brought this action for personal injuries and losses they allegedly sustained in an automobile accident with Yannielli. On October 18, 2000, Windsor filed a motion to strike counts eight through nineteen, along with a supporting memorandum of law, on the ground that the counts fail to state a claim upon which relief may be granted. The counts of the complaint relevant to this motion include the following: counts eight, eleven, fourteen and seventeen, all of which allege breach of implied covenant of good faith and fair dealing against Windsor; counts nine, twelve, fifteen and eighteen, all of which allege violations of the Connecticut Unfair Trade Practices Act (CUTPA) against Windsor; and counts ten, thirteen, sixteen and nineteen, all of which allege unfair settlement practices against Windsor pursuant to General Statutes § 38a-816 (6)(f) of the Connecticut Unfair Insurance Practices Act (CUIPA). On December 7, 2000, the plaintiffs filed an objection to Windsor's motion to strike.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 212, 746 A.2d 730
(2000). The role of the court is to "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation CT Page 9270 marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Id., 588.
I. Breach of an Implied Covenant of Good Faith and Fair Dealing
In counts eight, eleven, fourteen and seventeen, the plaintiffs allege that the failure of Windsor to tender its liability policy limit constitutes a breach of its implied obligation to conduct business in good faith. Windsor moves to strike counts eight, eleven, fourteen and seventeen on the ground that Connecticut law does not permit actions for breach of an implied covenant of good faith and fair dealing in situations where there is no contractual relationship between the parties. In response, the plaintiffs argue that the issue of privity is irrelevant because the allegations that Windsor breached an implied covenant of good faith and fair dealing sound in common law tort, not in contract.
Generally, "the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. . . . The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." (Citations omitted; internal quotation marks omitted.)Hoskins v. Titan Value Equities Group, Inc., 252 Conn. 789, 793,749 A.2d 1144 (2000). While the appellate courts have yet to address the issue of whether a third party may allege breach of an implied covenant of good faith and fair dealing against another's insurer, our Superior Court has held, on several occasions, that third parties are generally not permitted to bring such a cause of action. "[T]he law is clear that only contracting parties may enforce the implied covenant of good faith and fair dealing. . . . No Connecticut court has extended the implied covenant of fair dealing and good faith to parties who have not entered into a contractual relationship. . . . Furthermore, [a]n insurance company does not have a duty to settle fairly with third party claimants . . . nor does a claimant have a direct cause of action against an insurance company of the tortfeasor." (Internal quotation marks omitted.)Patel v. Allstate Ins. Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170676 (May 25, 2000, Karazin,J.); see also Banatoski v. Sheridan, Superior Court, judicial district of New Britain, Docket No. 483809 (September 17, 1998, Leheny, J.) (23 CT Page 9271 Conn.L.Rptr. 344); Martin v. Marino, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566135 (April 9, 1997,Aurigemma, J.); Grant v. Colonial Penn Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 16, 1996, Hauser, J.) (16 Conn.L.Rptr. 49); Weinberg v. Isom, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 140152 (December 26, 1995, Lewis, J.); DeCormier v. Grange MutualCasualty Co., Superior Court, judicial district of New London at New London, Docket No. 525835 (October 18, 1993, Hurley, J.).
The plaintiffs cite to Buckman v. People Express, Inc., 205 Conn. 166,530 A.2d 596 (1987), to support their argument that because Connecticut "recognizes an independent cause of action in tort arising from an insurer's common law duty of good faith," there is no requirement of a contractual relationship between the plaintiffs and Windsor. (Emphasis added.) Id., 170. As discussed above, the reason that a contractual relationship must exist in order for a claimant to sufficiently allege a cause of action for breach of an implied covenant of good faith and fair dealing, is because "[a]n insurance company does not have a duty to settle fairly with third party claimants." (Internal quotation marks omitted.) Patel v. Allstate Ins. Co., supra, Superior Court, Docket No. 170676. Absent such a duty, the plaintiffs do not have a sufficient cause of action upon which relief may be granted. Accordingly, the motion to strike counts eight, eleven, fourteen and seventeen is hereby granted.
II. Connecticut Unfair Trade Practices Act (CUTPA)
Windsor also moves to strike counts nine, twelve, fifteen and eighteen on the grounds that a third party does not have a cause of action against another's insurer under CUTPA and that the aforementioned counts fail to satisfy the "cigarette rule." In response, the plaintiffs argue that privity of contract is not required because the allegations of breach of the duty of good faith and fair dealing are not grounded in contract, but rather in common law tort. The plaintiffs also allege that all three criteria of the "cigarette rule" need not be satisfied to support a finding of unfairness.
Generally, CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a);Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 367,736 A.2d 824 (1999). "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the "cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been CT Page 9272 established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Id., 367-68. Furthermore, "it is possible to state a [private] cause of action under CUTPA for a violation of CUIPA. . . ." Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11
(1986).
The appellate courts, however, have yet to address the issue of whether a third party may allege a cause of action under CUTPA against another's insurer. Nevertheless, "a majority of Superior Court decisions hold that an action [under CUTPA] for unfair claims settlement practices against an insurer can only be brought by an insured, and not by a third party."DeVillegas v. Quality Roofing, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 294190 (December 1, 1993, Freedman,J.); see also Chanell v. LaRosa, Superior Court, judicial district of New London at New London, Docket No. 552801 (January 5, 2001, Corradino,J.); Calnan v. Allstate Indemnity Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 264160 (December 3, 1998, Dorsey,J.T.R.) (23 Conn.L.Rptr. 476); Lyman v. Liberty Mutual Insurance,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344481 (December 8, 1997, Ford, J.). In light of the foregoing, counts nine, twelve, fifteen and nineteen are legally insufficient because the plaintiffs did not allege a contractual relationship between the plaintiffs and Windsor. Accordingly, the motion to strike such counts is hereby granted.
III. Connecticut Unfair Insurance Practices Act (CUIPA)
Finally, Windsor seeks to strike counts ten, thirteen, sixteen and nineteen on the ground that such counts are legally insufficient because Connecticut law does not permit third parties to allege violations of CUIPA against another's insurer. Windsor also seeks to strike such counts on the ground that CUIPA does not provide for a private cause of action. The plaintiffs have failed to oppose Windsor's motion to strike counts ten, thirteen, sixteen and nineteen in their objection to the motion to strike.
While the Supreme Court in Mead v. Burns, supra, 199 Conn. 663, held that "it is possible to state a [private] cause of action under CUTPA for a violation of CUIPA," the appellate courts are silent as to whether a CT Page 9273 plaintiff has a private cause of action solely under CUIPA. Nevertheless, our Superior Court has held, on numerous occasions, that third party claimants do not have a private cause of action solely under CUIPA. SeeChapell v. LaRosa, supra, Superior Court, Docket No. 552801; Perrelli v.Strathmore Farms, Superior Court, judicial district of New Haven at New Haven, Docket No. 428988 (March 2, 2000, Levin, J.); D'Alessandro v.Clare, Superior Court, judicial district of Middlesex at Middletown, Docket No. 084006 (April 1, 1999, Schuman, J.) (24 Conn.L.Rptr. 325);Calnan v. Allstate Indemnity Co., supra, 23 Conn.L.Rptr. 476; Banatoskiv. Sheridan, supra, 23 Conn.L.Rptr. 344; Lyman v. Liberty MutualInsurance, supra, Superior Court, Docket No. 344481. Accordingly, because third party claimants do not have a private cause of action under CUIPA, counts ten, thirteen, sixteen and nineteen are legally insufficient.
In addition, our Supreme Court has held that "a claim under CUIPA predicated upon alleged unfair claim settlement practices in violation of § 38a-816 (6) requires proof that the unfair settlement practices were committed or performed with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v. MiddlesexIns. Co., 229 Conn. 842, 847-48, 643 A.2d 1282 (1994). "[C]laims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Mead v. Burns, supra, supra,199 Conn. 659. "In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. (Internal quotation marks omitted.) Lees v. Middlesex Ins.Co., supra, 229 Conn. 849. "[A] defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a "general business practice' as required by38a-816 (6)." (Emphasis added) Id.
In counts ten, thirteen, sixteen and nineteen, each of the plaintiffs allege that Windsor failed to tender the policy limit thereby engaging in an unfair deceptive act or practice pursuant to § 38a-816 (6)(f). While the complaint itself alleges four counts of CUIPA violations against Windsor, each count involves the handling of a single insurance claim. Each of the plaintiffs fail to allege that Windsor has frequently
engaged in unfair settlement practices. See Lees v. Middlesex Ins. Co.,
supra, 229 Conn. 847-48. Absent such allegations, counts ten, thirteen, sixteen and nineteen fail to state a claim upon which relief may be granted.
In light of the foregoing reasons, the motion to strike counts ten, thirteen, sixteen and nineteen is hereby granted. CT Page 9274
By the Court,
Joseph W. Doherty, Judge