[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 12267
The plaintiff, William Mazzella, brings this action for damages against the defendant, J.E. Robert Company, to recover for losses allegedly sustained as a result of actions taken by the defendant through its agent, Patrick Callahan, in attempting to collect a debt the plaintiff owed to the defendant.[1] The plaintiff commenced this action on May 30, 1997. The plaintiff subsequently revised his complaint on September 23, 1997. The plaintiff's revised complaint (complaint) is in two counts. Count one alleges, inter alia, that "[t]he actions of the defendant [in attempting to collect the debt] . . . were extreme and outrageous . . . [and] [caused] the plaintiff to suffer emotional distress." Count two alleges, inter alia, that "[t]he defendant had an obligation to insure that the plaintiff had an adequate opportunity to resolve his . . . financial matters prior to foreclosure. . . . [B]y failing to reassign Patrick Callahan [after the plaintiff had complained to the defendant about Callahan's behavior] the defendant breached [its] fiduciary obligation to the plaintiff." On December 7, 2000, the defendant filed an amended answer and five special defenses to the plaintiff's complaint.
On January 12, 2001, the defendant filed a motion for summary judgment on the ground that the plaintiff's claims are insufficient as a matter of law and a supporting memorandum accompanied by documentary evidence. On February 20, 2001, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment accompanied by documentary evidence, including the affidavit of William Mazzella.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citation omitted; internal quotation marks omitted.) Miles v. Foley, supra, 253 Conn. 386. "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, CT Page 12268 554-55, 707 A.2d 15 (1998).
Connecticut courts have allowed the use of a motion for summary judgment to test the legal sufficiency of a plaintiff's complaint, even though a motion to strike is the more appropriate vehicle for making such a challenge. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971). Our Supreme Court has noted that "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails to do so, it is not the burden of the defendant to attempt to correct the deficiency, either by motion, [motion to strike] or otherwise. . . . Thus, failure by the [defendant] to [move to strike] any portion of the amended complaint does not prevent [him] from claiming that the [plaintiff] had no cause of action and that a judgment in [his] favor was not warranted." (Citation omitted; internal quotation marks omitted.) Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,535 n. 5, 546 A.2d 216 (1988).
Intentional Infliction of Emotional Distress
The defendant claims that the plaintiff's cause of action for intentional infliction of emotional distress is insufficient as a matter of law because the plaintiff fails to allege facts sufficient to show that the defendant engaged in extreme and outrageous conduct that the defendant knew or should have known would cause emotional distress and that the plaintiff suffered severe emotional distress as a direct result. In response, the plaintiff argues that the actions of the defendant in attempting to collect the debt were "extreme and outrageous." Specifically, the plaintiff avers, in his affidavit of February 19, 2001, that as a result of the defendant's failure to accept a proposal of refinancing, the FDIC foreclosed on both his commercial and residential property causing his family to be evicted from their home. Shortly thereafter, the plaintiff avers that his wife divorced him and that he suffered a stroke as a result of his situation.
To establish a cause of action for intentional infliction of emotional distress, "[i]t must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059
(2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Id. CT Page 12269
"Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society. . . ." (Internal quotation marks omitted.) DeLaurentis v. New Haven,220 Conn. 225, 267, 597 A.2d 807 (1991). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! . . . Conduct on the part of the defendant that is merely insulting or displays bad maimers or results in hurt feelings is insufficient to form the basis of an I action based upon intentional infliction of emotional distress." (Citation omitted; internal quotation marks omitted.) Appleton v. Board of Education,
supra, 254 Conn. 210-11.
In the present case, the plaintiff's cause of action for intentional infliction of emotional distress is insufficient as a matter of law because the plaintiff failed to present demonstrative evidence, in the form of an affidavit or otherwise, which demonstrates that the defendant's actions in attempting to collect a debt from the plaintiff were so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id., 211. Neither the deposition testimony nor the letters submitted by the plaintiff in opposition to summary judgment demonstrate anything more than the usual correspondence between a debtor and a creditor who are trying to negotiate the payment of a debt. While the conduct of the defendant may have been offensive and harmful to the plaintiff, the court concludes, after considering the documentary evidence, that the conduct complained of does not rise to the level required, as a matter of law, to establish the basis for a claim of intentional infliction of emotional distress. Id. Accordingly, the defendant's motion for summary judgment is granted as to count one.
Breach of Fiduciary Duty
The defendant next claims that the plaintiff's cause of action for breach of fiduciary duty is insufficient as a matter of law because the plaintiff fails to allege facts sufficient to show that there was a duty on the part of the defendant to represent the interests of the plaintiff. In response, the plaintiff argues that there was a special relationship between the plaintiff and the defendant characterized by a unique degree of trust and confidence. Specifically, the plaintiff argues that he relied upon the defendant to assist him with the resolution of his outstanding indebtedness to the FDIC. CT Page 12270
A party alleging a breach of fiduciary duty must prove the existence of a fiduciary relationship. Dunham v. Dunham, 204 Conn. 303, 322,528 A.2d 1123 (1987), rev'd on other grounds, 239 Conn. 207, 213,682 A.2d 106 (1996). "[A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . ." (Internal quotation marks omitted.) Murphy v. Wakelee, 247 Conn. 396, 400,721 A.2d 1181 (1998). "Although, [our Supreme Court] [has] not expressly
limited the application of these traditional principles of fiduciary duty to cases involving only fraud, self-dealing or conflicts of interest, the cases in which [the court] [has] invoked them have involved such deviations." (Emphasis in original.) Id.
At issue in the present case is whether the defendant, a company hired by a credit or to collect a debt, owes a duty to the plaintiff debtor. "The determination of whether [such] a duty exists between individuals is a question of law." Jaworski v. Kiernan, 241 Conn. 399, 404, 696 A.2d 332
(1997). "Generally there exists no fiduciary relationship merely by virtue of a [debtor] [creditor] relationship between a bank and its customer." Southbridge Associates. LLC v. Garofalo, 53 Conn. App. 11,19, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999).
In the present case, the court concludes that a fiduciary relationship did not exist between the plaintiff and the defendant. The plaintiff fails to establish that anything more than an ordinary debtor creditor relationship existed between the plaintiff and the defendant. Neither the defendant nor its agents acted as a financial advisor to the plaintiff or gained his confidence. Moreover, there is no evidence that the defendant or its agents ever intended to act with the plaintiff's interests in mind. Indeed, "[a] lender has the right to further its own interest in a mortgage transaction and is not under a duty to represent the customer's interests." Id. The plaintiff's characterization of his relationship with the defendant as "fiduciary" in nature, without supporting facts, is a legal conclusion and, therefore, is insufficient to establish the existence of a disputed material fact for purposes of a motion for summary judgment. Hoskins v. Titan Value Equities Group, Inc.,252 Conn. 789, 793-94, 749 A.2d 1144 (2000). Accordingly, the defendant's motion for summary judgment is granted as to count two.
 CONCLUSION
As to count one of the plaintiff's complaint, the defendant's motion for summary judgment is granted as a matter of law. As to count two, the defendant's motion for summary judgment is granted because there is no CT Page 12271 genuine issue of material fact.
Bruce W. Thompson Judge of the Superior Court