12-4202-cv
Carlos Gonzalez v. Carestream Health, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

CARLOS GONZALEZ,
*Plaintiff-Appellant*,

v.          No. 12-4202-cv

CARESTREAM HEALTH, INC.,

*Defendant - Appellee.*

_____

APPEARING FOR APPELLANT:      CHRISTINA A. AGOLA, Christina A. Agola, PLLC, Rochester, New York.

APPEARING FOR APPELLEES:      JEFFREY J. CALABRESE, Harter Secrest & Emery LLP, Rochester, New York.

Appeal from the United States District Court for the Western District of New York

(Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED and the case is REMANDED for further proceedings.

Plaintiff-appellant Carlos Gonzalez appeals from the district court's dismissal of his claims brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), the New York State Human Rights Law, N.Y. Exec. Law. §§ 290-301 ("NYSHRL"), and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654. Gonzalez alleges that defendant-appellee Carestream Health, Inc., ("Carestream") discriminated against him on the basis of his age and retaliated against him for exercising his rights under the FMLA. On September 18, 2012, the United States District Court for the Western District of New York granted Carestream's motion to dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted. Gonzalez now appeals, contending that the district court erred in granting the motion. We agree. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal which we reference only as necessary to support our decision.

We review *de novo* a district court's judgment dismissing an action for failure to state a claim. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To survive a motion to dismiss, a complaint alleging workplace discrimination and retaliation need not allege specific facts establishing a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir.

2

2008), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). Nor must the plaintiff allege facts sufficient to defeat summary judgment. See Swierkiewicz, 534 U.S. at 511. At the pleading stage, we consider only whether the complaint includes factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The standard is one of "flexible plausibility," Boykin, 521 F.3d at 213 (internal quotation mark omitted), sometimes requiring a pleader to amplify his complaint with sufficient factual allegations to "nudge[] [his] claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570. In conducting this analysis, we must accept as true all plausible allegations of fact and draw all reasonable inferences in favor of the plaintiff. Harris, 572 F.3d at 71.

In light of the foregoing principles, we find that the district court erred not only in dismissing the complaint for failure to state a claim, but also in basing its dismissal on highly redacted and incomplete performance evaluations submitted by Carestream in its responsive papers. First, Gonzalez's complaint, on its face, was sufficient to give Carestream fair notice of his claims and the grounds upon which they rested. See Swierkiewicz, 534 U.S. at 512. To plead a claim under the ADEA, a plaintiff must allege: (1) he is a member of a protected class; (2) his job performance was satisfactory; (3) he suffered adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination based on age.[1] See, e.g., Grady v. Affiliated

_____

[1] The elements of an age discrimination claim are essentially the same under the ADEA and the NYSHRL, and courts apply the same standards for analyzing age discrimination claims under both statutes. See, e.g., Lightfoot v. Union Carbide Corp., 110

3

Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997). Gonzalez's complaint alleged that he is a 60-year old man with "stellar" performance evaluations, who was terminated for pretextual reasons. When combined with his allegation that Carestream maintained substantially younger workers, we find that no further amplification was necessary to state a plausible claim of age discrimination. Cf. Boykin, 521 F.3d at 213-14 (reversing a dismissal because "no amplification" was necessary in cases to which the Swierkiewicz holding applies).

Second, Gonzalez's complaint also adequately states an FMLA retaliation claim. Gonzalez alleged that following his FMLA leave, supervisors reprimanded him for failing to complete tasks, placed him on two performance improvement plans, and eventually terminated him.[2] These allegations, which we must accept as true, are sufficient to render Gonzalez's retaliation claim plausible.

Lastly, while a district court considering a motion under Rule 12(b)(6) may consider documents upon which the complaint relies, see, e.g., Leonard F. v. Isr. Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999), the district court here exceeded the proper

---

F.3d 898, 913 (2d Cir. 1998).

[2] We note that in making these allegations, Gonzalez has not merely relied on the temporal proximity between his FMLA leave and his termination to support an inference of retaliation. Because adverse employment action may take many forms,"alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently substantial in gross as to be actionable." Hicks v. Baines, 593 F.3d 159, 165 (2d Cir. 2010) (citation omitted) (internal quotation marks omitted). At any rate, there is no "bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between a protected activity and an alleged retaliatory action." Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 131 (2d Cir. 2012) (internal quotation marks omitted).

4

scope of its authority under that doctrine.  We need not resolve whether Gonzalez's allegations that he maintained a "stellar work record" during his 34 years of service incorporates, by reference, 34 years of performance evaluations.  Whatever the outer limits of this practice, it was error for the district court to dismiss the complaint on the basis of two years' worth of highly redacted performance evaluations and highly redacted copies of two performance improvement plans selected, edited, and submitted by Carestream.[3]

For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Although Gonzalez does not appear to have objected to district court's consideration of the documents submitted by Carestream, the district court's use of the documents was nonetheless improper.  See Fed. R. Civ. P. 12(d) ("If, on a [12(b)(6) motion], matters outside the pleading are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.") (emphasis added).