**Janet McKINSTRY, Plaintiff,**

v.

**SHERIDEN WOODS HEALTH CARE CENTER, INC., Defendant.**

**Case No. 3:13–CV–200(AWT).**

United States District Court, D. Connecticut.

Feb. 4, 2014.

Bruce E. Newman, Brown, Paindiris & Scott, LLP, Bristol, CT, for Plaintiff.

Gabriel Joseph Jiran, Peter Joseph Murphy, Shipman & Goodwin, Hartford, CT, for Defendant.

### RULING ON MOTION TO DISMISS

ALVIN W. THOMPSON, District Judge.

In the Complaint, plaintiff Janet McKinstry ("McKinstry") asserts claims against defendant Sheriden Woods Health Care Center, Inc. ("Sheriden Woods") for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Connecti-

cut Fair Employment Practices Act ("CFEPA"), Conn. Gen.Stat. § 46a–60 *et seq.* (First Count); breach of oral contract (Second Count); promissory estoppel (Third Count); and tortious breach of the implied covenant of good faith and fair dealing (Fourth Count). The defendant has moved to dismiss each count pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is being granted as to the Second, Third and Fourth Counts and denied as to the First Count.

## I. FACTUAL ALLEGATIONS

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances." *Monsky v. Moraghan,* 127 F.3d 243, 244 (2d Cir.1997). McKinstry worked for Sheriden Woods as a certified nurse assistant ("CNA") during several periods of time between 1966 and 2010. Her most recent stretch of employment with Sheriden Woods began in 1998 and ended on July 7, 2010 when she was terminated. At the time of her termination, McKinstry was 61 years old.

During her employment with Sheriden Woods, McKinstry's "reviews were above average and her ratings up to and including the year 2010 were above average and she routinely received performance and merit increases in her pay." (Compl. ¶ 6). McKinstry was also told that "she would have a job at the company as long as she wanted." (Compl. ¶ 16). Thus, McKinstry expected that she would continue to be employed by Sheriden Woods.

In January 2010, however, McKinstry received three written notices concerning her work. On January 6 she received two notices: one stated that she "left the floor without getting permission" and the other concerned her "staying in a residence room [ too] long." (Compl. ¶ 7). The

third notice, which she received on January 31, concerned McKinstry "not assisting on a certain call." (Compl. ¶ 7). Additionally, at some point during 2010, McKinstry was told that there were 15 complaints against her, though she was not told who had made the complaints.

On June 15, 2010, McKinstry "found medication in a patient's room that should not have been there." (Compl. ¶ 8). As a result of that incident, McKinstry was suspended on June 22, 2010 and subsequently terminated on July 7, 2010. After her termination, younger workers took over McKinstry's responsibilities.

McKinstry claims that she was terminated by Sheriden Woods because of her age, and that the allegations of unprofessional conduct against her were pretextual. She further claims that when she was told "she would have a job at the company as long as she wanted," that created an oral contract that she would not be suspended, demoted or discharged absent good cause, and her termination violated that contract.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion

couched as a factual allegation")). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn.1999) (quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir.1993).

## III. DISCUSSION

### A. *First Count: Violation of the ADEA and CFEPA*

In the First Count, McKinstry claims wrongful termination in violation of the ADEA and CFEPA[1]. Sheriden Woods argues that McKinstry has failed to allege facts that could establish a claim that she was terminated because of her age.

■ "To plead a claim under the ADEA, a plaintiff must allege: (1) [she] is a member of a protected class; (2) [her] job performance was satisfactory; (3) [she] suffered adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination based on age." *Gonzalez v. Carestream Health, Inc.,* 520 Fed.Appx. 8, 10 (2d Cir. 2013) (citing *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 559 (2d Cir.1997)).

Sheriden Woods does not contend that McKinstry has failed to adequately allege any of the first three elements. Thus, the only issue is whether McKinstry has alleged sufficient facts from which discrimination based on age could be inferred. The court concludes that she has done so.

■ McKinstry alleges that she had worked for Sheriden Woods during several periods dating back to 1966. Thus, she had left the employ of Sheriden Woods and been rehired, which suggests that she was a good employee over many years. McKinstry's last period of employment was for a period of over a decade. During her employment, her reviews were above average and her ratings up to and includ-

1. In its motion to dismiss, Sheriden Woods does not explicitly address McKinstry's CFEPA claim of age discrimination. However, "[i]t is well established that CFEPA claims proceed under the same analysis as ADEA claims." *Herbert v. Nat'l Amusements, Inc.,* 833 F.Supp.2d 192, 202 (D.Conn.2011) (citing *Craine v. Trinity Coll.,* 259 Conn. 625, 637 n. 6, 791 A.2d 518 (2002)). Thus, to the extent Sheriden Woods argues that McKinstry fails to state a claim under the ADEA, those arguments apply to McKinstry's CFEPA claim as well.

ing the year in which she was fired were above average and McKinstry was told that she would have a job at the company as long as she wanted. However during 2010, a year in which her ratings were above average, McKinstry was told that there were fifteen complaints against her but not told who made the complaints, she received the notices in January and there were no other identifiable incidents until June. These allegations are sufficient to support an inference that the reason given for terminating her employment was pretextual. In addition, McKinstry alleges that she was 61 years old at the time of the termination, that she was terminated on the basis of her age, and that she was replaced by younger workers. Taken with the allegations previously discussed, these allegations are sufficient to support an inference that the explanation given for McKinstry's termination was a pretext for the termination of her employment because of her age. The defendant maintains that the Complaint is deficient because certain specific allegations, e.g. the ages of the individuals who replaced McKinstry and whether her supervisors made comments regarding her age, are not made. However, in *Twombly* the Supreme Court "affirmed the vitality of *Swierkiewicz* [*v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ], which applied a notice pleading standard, and explained that its decision did not 'require heightened fact pleading of specifics.'" *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir.2008) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

Thus, McKinstry has alleged sufficient facts to state a claim upon which relief can be granted under the ADEA and CFEPA. Therefore, the motion to dismiss is being denied as to the First Count of the Complaint.

### B. *Second Count: Breach of Oral Contract*

In the Second Count, McKinstry claims that she had an express and implied contract with Sheriden Woods under which she could not be suspended, demoted or discharged except for good cause. McKinstry asserts that her termination was in breach of the good cause requirement. Sheriden Woods contends that McKinstry has failed to allege facts sufficient to support her claim that she had an employment contract with Sheriden Woods which required just cause for her termination and that she was instead an at will employee. The court agrees.

Under Connecticut law, "an employment contract is presumed to be terminable at will." *Lockwood v. Prof'l Wheelchair Transp., Inc.,* 37 Conn.App. 85, 94, 654 A.2d 1252 (1995). This general rule applies to contracts of permanent employment or for an indefinite term. *See Torosyan v. Boehringer Ingelheim Pharm., Inc.,* 234 Conn. 1, 14, 662 A.2d 89 (1995). "Pursuant to traditional contract principles, however, the default rule of employment at will can be modified by the agreement of the parties." *Id.* at 15, 662 A.2d 89. Such modification may be either express or implied. *See Gaudio v. Griffin Health Servs. Corp.,* 249 Conn. 523, 532, 733 A.2d 197 (1999) (stating that an employer's statements may "give rise to an express or implied contract between employer and employee.").

"[A]n express contract is one in which the parties arrive at their agreement and express it in words, either oral or written." *Schreiber v. Conn. Surgical Grp., P.C.,* 96 Conn.App. 731, 738, 901 A.2d 1277 (2006). To state a claim for breach of an express contract, the plaintiff must allege facts to show "the formation of an agreement, performance by one party, breach of the agreement by the other par-

ty, and damages." *Rosato v. Mascardo*, 82 Conn.App. 396, 411, 844 A.2d 893 (2004). Where the alleged breach is for termination without just cause, the plaintiff must show that the agreement included a just cause or fixed-term provision. *See Slifkin v. Condec Corp.*, 13 Conn.App. 538, 549, 538 A.2d 231 (1988) ("An employment contract for a definite or determinable term, however, may be terminated by either party only for good or just cause.").

■■ "A contract implied in fact, like an express contract, depends on actual agreement." *Reynolds v. Chrysler First Commercial Corp.*, 40 Conn.App. 725, 730, 673 A.2d 573 (1996). Accordingly, "[t]o prevail on a breach of an implied employment agreement, the plaintiff must allege that the employer had agreed, by words or conduct, to continue his employment absent just cause for termination." *Naser v. Ravago Shared Servs., LLC*, No. 3:10–cv–573, 2010 WL 3829159, *3 (D.Conn. Sept. 20, 2010). "Such an agreement may be based on an employer's representations to the effect that the employee will not be terminated under certain circumstances or except for good cause or that employment will continue as long as certain conditions are met." *Felekey v. Am. Tel. & Tel. Co.*, No. 3:02–cv–691, 2004 WL 2958468, *4 (D.Conn. Nov. 3, 2004).

■ In support of McKinstry's claim that she could not be terminated except for just cause, the Complaint alleges that "[t]hrough the years McKinstry received several assurances through the defendant and its agent, employees, supervisors, and representatives, who told her that she would have a job at the company as long as she wanted." (Compl. ¶ 16). Additionally, the Complaint alleges that during her employment with Sheriden Woods, "McKinstry's performance of appraisals were of high quality and she was routinely complimented by staff and patients."

(Compl. ¶ 17). However, these factual allegations are insufficient, even when taken in the light most favorable to the plaintiff, to support McKinstry's claim that either an express or implied just cause provision existed.

McKinstry cites *Coelho v. Posi–Seal Int'l, Inc.*, 208 Conn. 106, 544 A.2d 170 (1988) and *Barry v. Posi–Seal Int'l, Inc.*, 36 Conn.App. 1, 647 A.2d 1031 (1994) in support of her argument that the statements to her sufficed to create an implied or express just cause provision. However, the employer in each of those cases "undert[ook] some form of actual contract commitment to [the employee]." *Felekey*, 2004 WL 2958468 at *4. *See Coelho*, 208 Conn. at 113, 544 A.2d 170 ("[T]he parties had an implied agreement that the plaintiff would not be terminated as a result of conflicts between the quality control and manufacturing departments, *as long as he performed adequately* in his capacity as manager of quality assurance." (emphasis added)); *Barry*, 36 Conn.App. at 4, 647 A.2d 1031 ("[I]f you do your job, you do your work, you're going to have a job here.").

Unlike the situation in those cases, the Complaint in this case is devoid of any factual allegation that McKinstry was told that she would not be terminated under certain circumstances or except for good cause or that the promise of continued employment was subject to only certain conditions. *See Felekey*, 2004 WL 2958468 at *4. The statement in the Complaint that "there existed an express and implied contract of employment by which McKinstry could not be suspended, demoted or discharged except for good cause associated with her performance" (Compl. ¶ 18) is merely a legal conclusion and not a factual allegation the court must accept as true. At most, the statements to McKinstry that she would have the job as long as she

wanted support an inference of permanent or indefinite employment. However, permanent or indefinite employment is terminable at will and is not subject to the just cause requirement.

McKinstry has failed to allege sufficient facts to support her claim that her employment with Sheriden Woods was subject to an express or implied just cause provision. Therefore, she has not stated a claim for breach of contract, and the motion to dismiss is being granted as to the Second Count of the Complaint.

### C. *Third Count: Promissory Estoppel*

 In the Third Count, McKinstry alleges that Sheriden Woods should be estopped "from denying the enforceability of its promises" of job security because it knew that McKinstry would rely on those promises. Sheriden Woods argues that the Third Count should be dismissed because the Complaint fails to allege sufficient facts to state a claim for promissory estoppel.

"Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: [1] the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and [2] the other party must change its position in reliance on those facts, thereby incurring some injury." *Johnson v. Walden Univ., Inc.*, 839 F.Supp.2d 518, 535 (D.Conn.2011) (quoting *Conn. Nat'l Bank v. Voog*, 233 Conn. 352, 366, 659 A.2d 172 (1995)).

To establish the first element, a plaintiff must allege facts to show "the existence of a clear and definite promise which a promisor could have reasonably expected to induce reliance." *Daimlerchrysler Ins. Co., LLC v. Pambianchi*, 762 F.Supp.2d 410, 426 (D.Conn.2011). "Although the promise must be clear and definite, it need not be the equivalent of an offer to enter into a contract because the prerequisite for application of the doctrine of promissory estoppel is a *promise* and not a bargain and *not an offer.*" *Stewart v. Cendant Mobility Servs. Corp.*, 267 Conn. 96, 105, 837 A.2d 736 (2003) (emphasis in original) (internal quotation marks omitted). Construing the Complaint in the light most favorable to the plaintiff, McKinstry alleges that Sheriden Woods promised McKinstry that she could work at Sheriden Woods for as long as she wanted, and Sheriden Woods made that promise to induce McKinstry to continue working there, although McKinstry alleges no facts regarding such intent.

 To establish the second element, McKinstry must allege that she changed her position in reliance on the promise of continued employment and incurred some injury as a result. "Without providing evidence of action or forbearance in reliance [on] a promise amounting to a detrimental change of position, [a plaintiff] cannot establish a prima facie promissory estoppel claim." *Colby v. Pye & Hogan LLC*, 602 F.Supp.2d 365, 374 (D.Conn. 2009). Here, the Complaint does not allege any facts to support a claim that McKinstry took any action or forbearance in reliance on the promise of continued employment. While McKinstry argues that the Complaint "alleges that she relied on Sheriden Woods' promises" (Pl.'s Mem. Opp. Mot. to Dismiss (Doc. No. 16–1) at 7), she does not state *how.* She does not allege, for example, that she gave up any opportunities to do so.

Assuming *arguendo* that McKinstry could establish the first element of promissory estoppel, her claim in the Third Count fails because she has not alleged facts to establish the second element. Therefore,

the motion to dismiss is being granted as to the Third Count of the Complaint.

### D. *Fourth Count: Breach of Covenant of Good Faith*

In the Fourth Count, McKinstry alleges that Sheriden Woods tortiously breached the implied covenant of good faith and fair dealing by "arbitrarily terminating her after providing her with a pretext or excuse for her firing." (Compl. ¶ 21). Sheriden Woods argues that this claim fails because the Complaint does not allege sufficient facts to support the claim.

"It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship." *Hoskins v. Titan Value Equities Grp., Inc.,* 252 Conn. 789, 793, 749 A.2d 1144 (2000). Such duty requires "that neither party do anything that will injure the right of the other to receive the benefits of the agreement." *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.,* 269 Conn. 424, 432, 849 A.2d 382 (2004) (internal quotation marks omitted).

In the employment context, "the Connecticut Supreme Court has restricted the applicability of the good faith and fair dealing principle to . . . at will employment arrangements." *Datto Inc. v. Braband,* 856 F.Supp.2d 354, 373 (D.Conn.2012). In order to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege "a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." *Morris v. Hartford Courant Co.,* 200 Conn. 676, 679, 513 A.2d 66 (1986).

McKinstry has failed to identify in the Complaint any improper reason for her discharge. The Complaint states in this context only that McKinstry was arbitrarily terminated and the reason for her termination was pretextual. (See Compl. ¶ 21). However, arbitrary termination does not violate an important public policy of Connecticut. *See Cimochowski v. Hartford Pub. Schs.,* 261 Conn. 287, 306, 802 A.2d 800 (2002) ("[P]rotection [against arbitrary discharge] is not afforded to at-will employees who are only protected in situations where an important public policy has been violated."). Furthermore, because the implied covenant of good faith and fair dealing applies only to employment at will and arbitrary termination is permissible when an employee is at will, McKinstry's allegation that her termination was arbitrary cannot form the basis of this claim.

Even if the court construes the Complaint as alternatively alleging that termination on the basis of her age was the improper reason for the discharge, McKinstry's claim is precluded by CFEPA. Connecticut courts "preclude claims for breach of the [implied] covenant of good faith and fair dealing where there are adequate statutory remedies through which the alleged public policy violations can be enforced." *Leichter v. Lebanon Bd. of Educ.,* 917 F.Supp.2d 177, 194–95 (D.Conn.2013). Age discrimination is prohibited in Connecticut by CFEPA, which is the exclusive remedy for such claims. *See Hall–Duncan v. Bruce Museum, Inc.,* No. FSTCV106004998, 2011 WL 590652, *5 (Conn.Super.Ct. Jan. 24, 2011) ("CFEPA provides the plaintiff's exclusive remedy for her wrongful discharge claim stemming from alleged age discrimination."). Therefore, any claim for breach of the implied covenant of good faith and fair dealing based on age discrimination is precluded by CFEPA.

McKinstry has failed to allege a demonstrably improper reason for her dismissal upon which her claim for breach of the covenant of good faith and fair dealing may be based. Therefore, the motion to

dismiss is being granted as to the Fourth Count of the Complaint.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the defendant's Motion to Dismiss (Doc. No. 12) is hereby GRANTED in part and DENIED in part. The Second, Third and Fourth Counts of the plaintiff's Complaint are dismissed. The motion is denied as to the First Count.

It is so ordered.